UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MURRELL D. LOVELESS, | ) |
| *Plaintiff*, | ) |
| | ) 1:17-cv-2206-JMS-MJD |
| vs. | ) |
| RICHARD A. MCCORKLE, and | ) |
| REX A. HARROLD, | ) |
| *Defendants*. | ) |

# **ORDER**

In June 2017, Plaintiff Murrell D. Loveless filed a civil rights action against Richard A. McCorkle, the Sheriff of Henry County, Indiana, and Rex A. Harrold, a Deputy with the Henry County Sheriff's Office. [Filing No. 1.] At that time, Mr. Loveless was represented by counsel Clinton Blanck. [Filing No. 2.] In September 2018, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. [Filing No. 46.] In April 2019, at Mr. Loveless's request, Mr. Blanck sought to withdraw his appearance, and the Court allowed him to do so. [Filing No. 56; Filing No. 59.]

The case proceeded to a three-day trial beginning on October 28, 2019. [Filing No. 90; Filing No. 92; Filing No. 94.] Counsel Philip Zimmerly and Sarah Parks were recruited to assist Mr. Loveless at trial. [Filing No. 76; Filing No. 77.] The jury found in favor of Mr. Loveless on his 42 U.S.C. § 1983 claim for unlawful entry in violation of the Fourth Amendment against Mr. Harrold and on his Indiana law claim for wrongful entry against Mr. McCorkle. [Filing No. 95.] The jury awarded Mr. Loveless $1.00 in compensatory damages against both Defendants jointly and severally and $1.00 in punitive damages against Mr. Harrold only. [Filing No. 95.]

Following the verdict, Defendants filed a Motion to Tax Costs Pursuant to Fed. R. Civ. P. 68(d), [Filing No. 98], and a Bill of Costs, [Filing No. 103]. Mr. Blanck has filed a competing Motion to Tax Plaintiff's Costs Pursuant to Fed. R. Civ. P. 54(d)(1). [Filing No. 100.] Mr. Blanck has also filed a Motion for Attorney's Fees. [Filing No. 99.] These motions are now ripe for the Court's decision.

# I.
## MOTIONS TO TAX COSTS

### A. Standard of Review

"Although a prevailing plaintiff in a civil rights case is normally entitled to costs pursuant to Fed. R. Civ. P. 54(d), and to attorneys' fees under 42 U.S.C. § 1988, those rules are qualified by the operation of Fed. R. Civ. P. 68[, which] is designed to provide a disincentive for plaintiffs from continuing to litigate a case after being presented with a reasonable offer." *Payne v. Milwaukee Cty.*, 288 F.3d 1021, 1024 (7th Cir. 2002). Under Rule 68(d), if a party makes a settlement offer and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

The costs that are recoverable in a civil lawsuit are set forth in 28 U.S.C. § 1920, which provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

District courts have broad discretion in determining whether and to what extent parties may be awarded costs. *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018) (citation omitted). "The process for awarding court costs is intended to be summary," and the district court should not resolve arguments regarding the winning party's strategy in litigating the case. *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). Nonetheless, the court must discern whether the costs are both (1) statutorily authorized and (2) "reasonable and necessary." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998) ("Having found that the requested costs are statutorily recoverable, we move on to discuss whether the district court abused its discretion in finding that the costs were both reasonable and necessary.").

**B. Discussion**

In their Motion, Defendants argue that, pursuant to Rule 68(d), they are entitled to the costs accrued after Mr. Loveless rejected their March 2, 2018 offer of judgment, in which they offered $10,001 plus reasonable attorney's fees accrued to date. [Filing No. 98 at 1-2.] Defendants' Bill of Costs lists a total of $1,663.38 in costs incurred after March 2, 2018, comprised of $60 in witness fees, $225.45 for copies, and $1,380.93 for "Other costs." [Filing No. 103 at 1.] Defendants attach a table showing that the "Other costs" consist of transcripts, mileage, parking, lunches, postage, and rideshare costs. [Filing No. 103 at 3.]

3

Mr. Loveless, through recruited counsel Mr. Zimmerly, objects to Defendants' Bill of Costs. [Filing No. 104.] First, Mr. Loveless asserts that the costs for mileage, parking, lunches, and postage are not recoverable because such expenses are not listed in § 1920. [Filing No. 104 at 1.] Second, Mr. Loveless points out that the $723.40 listed for the deposition transcripts of witnesses Lisa and Randy Gardner is not itemized and appears to include costs that are not recoverable, such as a sitting fee for the court reporter. [Filing No. 104 at 1-2.] An appropriate measure of the cost for these depositions, Mr. Loveless argues, is $3.65 per page, totaling $350.40. [Filing No. 104 at 2.] Finally, Mr. Loveless argues that that Defendants have not provided the Court with enough detail to determine whether the costs incurred for copies were "necessarily obtained for use in the case," and, accordingly, the Court should decline to award those costs or direct Defendants to provide a detailed explanation of how the claimed costs were incurred. [Filing No. 104 at 2.]

In response to Mr. Loveless's arguments, Defendants filed an invoice itemizing the costs for the depositions of Lisa and Randy Gardner. [Filing No. 105.] The invoice shows that the total cost of $723.40 charged by Stewart Richardson Deposition Services includes as to each witness costs for the original and one certified copy of the transcript, mileage, an hourly appearance fee, hard copies of color exhibits, travel hours, a word index, and a reduced transcript. [Filing No. 105.] Mr. Loveless did not file any objection or response to Defendants' invoice.

However, Mr. Loveless, through former counsel Mr. Blanck, filed a motion seeking costs incurred prior to the offer of judgment. [Filing No. 100.][1] He seeks a total of $1,179.35 in costs, consisting of the filing fee and charges incurred for depositions, postage, and mileage between

---

[1] Mr. Loveless, through Mr. Zimmerly, joins this Motion, recognizing that some of the costs identified by Mr. Blanck "may be appropriately denied." [Filing No. 104 at 2-3 n.1.]

June 2017 and April 2019.  [Filing No. 100 at 1-2.]  Receipts for the filing fee, deposition costs, and a FedEx shipment are attached to the Motion.  [Filing No. 100-1 at 1-6.]

In addition, although the discussion of this issue appears in the parties' briefs concerning fees and not their filings concerning the motions for costs, as a prerequisite to determining the amount of costs to be awarded, the Court must determine which Rule 68 offer of judgment controls. Thus, the Court will incorporate the parties' respective arguments on the operative offer issue in determining the allowable costs.  The parties do not dispute that an offer of judgment was made on March 2, 2018 in the amount of $10,001 plus reasonable attorney's fees accrued to that date, and Mr. Loveless rejected that offer.  [*See* Filing No. 98 at 1; Filing No. 99 at 4 n.1; Filing No. 107 at 1.]  The parties also do not dispute that a second offer of judgment was made on October 8, 2018 in the amount of $75,000 plus attorney's fees accrued to that date.  [Filing No. 106 at 6-7; Filing No. 107 at 1-2.]  However, the parties disagree as to which of these offers is the cut-off point for Mr. Loveless's recovery costs.

Mr. Loveless asserts that the October offer should be used because "Defendants could have stood pat after their first offer was rejected" and nothing in the language of Rule 68 prevented them from making a second offer, which they ultimately elected to do.  [Filing No. 99 at 4 n. 1.] Defendants, on the other hand, assert that the March offer should be used because: (1) Mr. Loveless cited no caselaw supporting his argument that the second offer was the operative one; and (2) relying on the latest offer—rather than on the first offer that exceeded the ultimate judgment— is contrary to the cost-shifting and settlement-encouraging purposes of Rule 68 and would provide defendants with a disincentive to reevaluate their liability as cases progress and increase their settlement offers.  [Filing No. 106 at 6-7.]  Accordingly, Defendants assert, Mr. Loveless should

5

not be able to recover costs or fees incurred after March 16, 2018, fourteen days after the first offer of judgment was made. [Filing No. 106 at 7.]

The Court agrees with Defendants that the March 2018 offer is the one that triggered cost-shifting under Rule 68(d).[2] Although Rule 68 does not expressly address cases in which multiple offers of judgment are made, the Advisory Committee Notes suggest that, consistent with the Rule's intended purpose of saving defendants the costs incurred after an offer has been made, the earliest offer that is more favorable than the ultimate judgment should control. Fed. R. Civ. P. 68 Advisory Committee Notes ("In the case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer which was equal to or greater than the judgment ultimately obtained."). This is also consistent with the general structure of the provision, which gives cost-shifting significance to offers of judgment regardless of whether they are rejected. *See Grosvenor*, 801 F.2d at 948 (stating that "a rejected offer retains its vitality for the purposes of shifting fees under Rule 68," even though the Rule deems a rejected offer withdrawn).

Defendants do not dispute that Mr. Loveless is the prevailing party in this litigation. [Filing No. 98 at 2.][3] Accordingly, Mr. Loveless is entitled to costs incurred before March 16, 2018, when

---

[2] The Court is cognizant of the fact that a plaintiff's judgment for Rule 68 purposes includes both the jury award and the pre-offer fees that are recoverable under § 1988. *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986). Here, because the March 2018 offer included attorney's fees accrued to date, and Mr. Loveless would be entitled to recover that same amount of fees under § 1988 as a part of his judgment, the fee amount need not be determined in order to make the necessary comparison. In other words, because $10,001 plus some amount of fees is greater than $2 plus the same amount of fees, the March 2018 was indeed more favorable than Mr. Loveless's ultimate judgment.

[3] Although Defendants only expressly concede that Mr. Loveless is the prevailing party as defined in § 1988, [Filing No. 98 at 2], they did not object to Mr. Loveless's Motion to Tax Costs at all, let alone on the basis that he is not the prevailing party in this action. Regardless, the Court concludes that Mr. Loveless is the prevailing party for the purpose of determining costs because he won verdicts in his favor on his federal and state law unlawful entry claims against both Defendants. *See Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (explaining that a party is

the first offer of judgment expired, and Defendants are entitled to costs incurred thereafter. The Court must now determine whether the parties' claimed costs are statutorily recoverable, reasonable, and necessary, beginning with Mr. Loveless.

Consistent with the above, the Court will deduct from Mr. Loveless's claimed costs anything incurred after March 16, 2018. Of the remaining listed costs, Mr. Loveless can recover the filing fee and certified mail costs, as these are provided for by statute and were not challenged by Defendants as being unreasonable or unnecessary. *See* 28 U.S.C. § 1920; *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008) (concluding that, although not specifically enumerated in the statute, filing fees and postage are recoverable under § 1920). However, Mr. Loveless will not be entitled to recover the listed mileage costs as a part of the costs award. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (explaining that "outlays for travel and related expenses by attorneys and paralegals" are not listed in § 1920 and therefore may not be awarded as costs, though they may be reimbursable as part of an award for attorney's fees). Accordingly, adding up the allowable costs listed in Mr. Loveless's Motion, [Filing No. 100], **Defendants must pay $454.70 in costs to Mr. Loveless** ($400 filing fee plus $54.70 for certified mail).

Turning to Defendants' Bill of Costs, consistent with the above, costs for mileage, parking, lunches, and rideshare trips for attorneys and staff are not recoverable. *See* 28 U.S.C. § 1920; *Calderon*, 112 F.3d at 276. However, postage costs are permitted. *See Tchemkou*, 517 F.3d at 512. That leaves costs for witness fees, copies, and depositions of Lisa and Randy Gardner, Mr. McCorkle, and Mr. Harrold. [*See* Filing No. 103 at 1-3.] Mr. Loveless objects to the deposition costs for the Gardners and the copies. [Filing No. 104 at 1-2.]

---

deemed prevailing if it prevailed as to a substantial part of the litigation and, in mixed result cases, the district court has discretion to determine whether a party meets that standard).

The Seventh Circuit has permitted the award of costs "'incidental' to the taking of depositions," including per diem and delivery charges from the court reporter. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Although Mr. Loveless initially took issue with Defendants' failure to itemize the claimed deposition costs, he did not object or otherwise respond to the later-filed invoice. Accordingly, he has not demonstrated that the itemized deposition costs were unreasonable or unnecessary, and the Court concludes that they are not. *See Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (stating that the party against whom costs are taxed "bears the burden of an affirmative showing that taxed costs are not appropriate").

As to copies, a party can generally recover for copies of papers necessarily obtained for use in the case, which encompasses materials actually used in presenting evidence to the Court, rather than copies made for a party's own use. *See* 28 U.S.C. § 1920(4); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Because Defendants did not itemize their claimed cost of $222.45 for copies, despite Mr. Loveless's objection to their failure to do so, the Court is unable to determine whether the cost for copies is reasonable and necessary, and therefore denies that cost. *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (reducing the claimed copying cost where there was "no itemization to show what items were copied or for what purpose they were copied"); *Teerling v. Fleetwood Motor Homes of Ind., Inc.*, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001) (concluding that a party did not sufficiently support its request for copying costs where it "does not indicate what documents were copied or why").

Accordingly, the Court concludes that **Mr. Loveless must pay $952.34 in post-offer costs to Defendants** ($60 for witness fees, $723.40 for depositions of Lisa and Randy Gardner, $162.44 for depositions of Mr. McCorkle and Mr. Harrold, and $6.50 for postage).

8

# II.
## ATTORNEY'S FEES

### A. Standard of Review

A court may award reasonable attorney's fees to the prevailing party in a civil rights action. [42 U.S.C. § 1988](). Determining what fees are reasonable is a "contextual and fact-specific" inquiry. [*Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014)](). The party seeking fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. [*Fox v. Vice*, 563 U.S. 826, 838 (2011)](). However, the determination of fees "should not result in a second major litigation," as the essential goal in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id.* (internal quotations and citations omitted). "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### B. Discussion

Mr. Loveless, through Mr. Blanck, argues that he should recover the full amount of his pre-offer[4] attorney's fees because, although his ultimate recovery was small, it included punitive damages, his victory vindicated an important constitutional right, and the case was lengthy and complex. [[Filing No. 99 at 1-4]().] He further asserts that Mr. Blanck's claimed hours and hourly rate are reasonable. [[Filing No. 99 at 5-6]().] Mr. Loveless attaches to his Motion a breakdown of Mr. Blanck's fees and expenses and an affidavit by another attorney attesting to the reasonableness of Mr. Blanck's requested hourly rate. [[Filing No. 99-1](); [Filing No. 99-2]().] Mr. Loveless, through Mr. Zimmerly, joins Mr. Blanck's Motion. [[Filing No. 101]().]

---

[4] As mentioned above, Mr. Loveless asserts in his fee petition that the October 2018 offer should control. [[Filing No. 99 at 4]().] Having already decided this issue against Mr. Loveless, however, the Court will only consider the parties' fee arguments as they relate to the fees incurred before the March 2018 offer.

9

Defendants respond that Mr. Loveless should receive no attorney's fees or substantially reduced fees because he won only nominal damages and failed to demonstrate an actual, compensable injury. [[Filing No. 106 at 1-3](#).] Defendants assert that, while Mr. Loveless succeeded on his claims that Mr. Harrold's entry onto his property was wrongful, the fact that he spent a significant amount of time during trial attempting to establish lasting physical and emotional damage and was not awarded any compensation for such injuries shows that he did not succeed on his goal of recovering a large monetary award. [[Filing No. 106 at 4-5](#).] Instead, Defendants assert, his victory was technical and *de minimus* such that "the only reasonable attorney's fee is no fee or a substantially reduced fee." [[Filing No. 106 at 4](#).] Defendants also argue that the legal issue on which Mr. Loveless was successful was not significant, as he merely convinced the jury to acknowledge the well-established principle that the Fourth Amendment protects an individual's privacy in his home, and he did not achieve any lofty public purpose because his lawsuit was primarily designed to seek revenge against Mr. Harrold. [[Filing No. 106 at 5-6](#).]

Mr. Loveless replies that he should be awarded his requested fees because the jury awarded him actual damages. [[Filing No. 107 at 1-2](#).] He also argues that the legal issue on which he prevailed is significant, because he has established that deputy sheriffs cannot enter a person's attached garage, and, by winning punitive damages, he sent a warning to other law enforcement officials not to do so. [[Filing No. 107 at 2-3](#).] For the same reason, Mr. Loveless asserts that his lawsuit served a significant public purpose and failure to award attorney's fees would discourage civil rights attorneys from assisting in this kind of case. [[Filing No. 107 at 3](#).]

Defendants do not dispute that Mr. Loveless is the prevailing party, [[Filing No. 98 at 2](#)], and the Court has already determined that the recoverable fees are limited to those incurred before March 16, 2018, when Defendants' first offer of judgment expired. *See [Marek v. Chesny](#)*, 473

U.S. 1, 9 (1985) (concluding that attorney's fees in civil rights cases are subject to the cost-shifting provisions of Rule 68). Accordingly, the Court will consider what constitutes a reasonable fee for Mr. Blanck's services through March 16, 2018.

The Court begins the fee calculation by computing the "lodestar" figure, which is the product of the number of hours the attorney reasonably spent on the case multiplied by a reasonable hourly rate. *Montanez*, 755 F.3d at 553. Here, Defendants do not challenge Mr. Blanck's hourly rate of $325.00 per hour, and the Court finds that it is reasonable. Defendants also do not specifically challenge any of Mr. Blanck's entries concerning the number of hours he expended. Thus, to calculate the lodestar figure, the Court will multiply the undisputed $325/per hour by the number of hours listed by Mr. Blanck for tasks completed on or before March 16, 2018, which total 47.05 hours. This equals $15,291.25 ($325 x 47.05). The Court will add $90.09 in mileage expenses,[5] *see Calderon*, 112 F.3d at 276, for a total of **$15,381.34**.

The next step is to consider whether a reduction to the lodestar amount is warranted. There is a strong presumption that the lodestar figure is reasonable, but such presumption may be overcome where the figure does not adequately account for a factor that may be properly considered in determining a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 554 (2010). One relevant factor is the degree of success obtained by the plaintiff, which is a "particularly crucial" consideration where the plaintiff is deemed a prevailing party even though he succeeded on only some of his claims for relief. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In such situations, the Supreme Court has identified two questions that must be addressed: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he

---

[5] Mr. Blanck included other expenses in his petition, [Filing No. 99-1 at 3], but they are not added to the fee award because they were either awarded as costs above or incurred after March 16, 2018.

succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id*. at 435. To that end, a court generally should reduce or disallow fees where the victory was technical or *de minimus*—in other words, where the plaintiff was aiming high and fell short, and in the process inflicted heavy costs on his opponent and wasted the court's time—but should calculate and award a reasonable fee "if the case was simply a small claim and was tried accordingly." *Capps v. Drake*, 894 F.3d 802, 806 (7th Cir. 2018) (internal quotations and citations omitted).

Here, although Mr. Loveless was not successful as to all of the claims he asserted, the Court concludes that the full pre-offer lodestar amount as calculated above constitutes a reasonable fee award. Mr. Loveless's numerous claims were based on the same incident, such that it would be difficult to separate the work expended on the successful claims from the work expended on unsuccessful claims. Furthermore, although he asserted several claims under state and federal law, in substance, these claims primarily related to two wrongs: trespass onto his property and excessive force. Mr. Loveless prevailed as to one of these two issues. In addition, the Court notes that the work in question was performed during the early stages of the litigation and was reasonable at that stage to determine the viability of Mr. Loveless's claims and to further the lawsuit.

Also important is the fact that Mr. Loveless recovered punitive damages, albeit in a small amount. In this way, his victory was not technical or *de minimus* and does not warrant a complete denial or substantial reduction of fees. *See Capps*, 894 F.3d at 806 ("[W]e doubt an award including punitive damages can be considered technical or *de minimis*."). Specifically, not only did his victory vindicate Mr. Loveless's Fourth Amendment right, it also established a rule that law enforcement officers serving civil process may not enter an individual's attached garage and will therefore discourage other law enforcement officers from doing so. The lodestar figure

12

already incorporates that Mr. Loveless recovered less than was offered to him during settlement negotiations, and the Court does not see a need to further reduce the fee award. Accordingly, **Defendants must pay attorney's fees to Mr. Loveless in the amount of $15,381.34.**

## III.
### CONCLUSION

Based on the foregoing, the Court makes the following rulings:

1. Mr. Loveless's Motion to Tax Plaintiff's Costs, [100], is **GRANTED** to the extent that Defendants are ordered to pay Mr. Loveless **$454.70** in costs.

2. Defendants' Motion to Tax Costs, [98], is **GRANTED** to the extent that Mr. Loveless is ordered to pay Defendants **$952.34** in costs.

3. Mr. Loveless's Motion for Attorney's Fees, [99], is **GRANTED** to the extent that Defendants are ordered to pay Mr. Loveless **$15,381.34** in attorney's fees.

Date: 1/27/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Murrell D. Loveless
2401 North County Road 200 West
New Castle, IN 47362